AARON KAHAN, Plaintiff, *v.* ARTHUR W. WALLANDER, as Police Commissioner of the City of New York, Defendant.

Supreme Court, Special Term, New York County, May 27, 1948.

*Hyman Kahan* for plaintiff.

*John P. McGrath, Corporation Counsel (Morris W. Weiner* and *Thomas Fitzpatrick* of counsel), for defendant.

PECORA, J. Upon the foregoing papers this motion for an injunction to restrain the police commissioner from maintaining a patrolman in a hotel owned and operated by plaintiff, and from displaying a " Raided Premises " sign thereon is ·denied. In the absence of arbitrary or unreasonable conduct on the part of the police commissioner, the court will not interfere with his discretion in the enforcement of the law. The facts presented by the affidavits here indicate that the police have a reasonable basis for their action. It appears that eighteen complaints of prostitution were received by the police department between September, 1947, and May, 1948, resulting in numerous arrests and convictions. Plaintiff claims that he took over operation of the premises in May, 1948, after the last arrests and he should not be punished for what went on before that time. However, plaintiff was the owner of the premises since February 14, 1946. Whether he actually knew of what was going on during the time he was not operating the hotel, is immaterial. He should have known and the law places the responsibility upon him. In fact, under section 1146 of the Penal Law, an owner who " knowingly or with good reason to know " permits any house or building of which he may be the owner to be used in whole or in part for a disorderly house or a place for the encouragement or practice of unlawful sexual intercourse, is guilty of a misdemeanor. Such guilty knowledge may be shown by circumstantial evidence. (*People* v. *Wallach,* 60 Hun 584, opinion in 15 N. Y. S. 226.)