THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOHN McCARTHY and WALTER RUBECK, Defendants.

City Magistrate's Court of New York, Borough of Brooklyn, East New York Part, February 17, 1953.

*William Richter* for defendants.

*Miles M. McDonald, District Attorney* (*Dennis S. Regan* of counsel), for plaintiff.

SHAPIRO, M. The defendants are before the court charged with a violation of section 1146 of the Penal Law, which insofar as here material, reads: " Whosoever shall keep or maintain a house of ill fame or assignation of any description or a place for the encouragement or practice by persons of lewdness, fornication, unlawful sexual intercourse or for any other indecent or disorderly act or obscene purpose therein or any place of public resort at which the decency, peace or comfort of the neighborhood is disturbed shall be guilty of a misdemeanor ".

The proof discloses that on the night in question the twenty-two rooms in the hotel were rented thirty-three times, making it obvious that some of the rooms at least were used by more than one patron or patrons during the same night.

This was not an isolated occurrence since, according to the registration cards, it happened upon repeated prior occasions.

On the night in question, the defendant Rubeck was the night clerk. He rented room 208 to a police officer, in plainclothes, who was then accompanied by a policewoman, also attired in plainclothes, and told them to go up to room 208, although the police officer had registered, and was permitted to do so by the defendant Rubeck, in his own individual name and not as Mr. and Mrs.

The police officer and the policewoman occupied this room for a short time and then left and another police officer thereafter returned with the same policewoman and went through the same procedure, being assigned to room 205 by the defendant Rubeck. Again the police officer registered in his own individual name.

The registration cards were offered in evidence showing that sometime after the rooms were rented the defendant Rubeck had added the words Mr. and Mrs. in front of the name of each registered police officer, although he was never told and never asked whether the woman who accompanied him was his wife.

It was stipulated that numerous persons, then in the court-room, if called, would testify that they had been rented rooms that very evening by the defendant Rubeck, and that they were using the same for purposes of illicit intercourse.

The proof against the defendant Rubeck, the night clerk, is upon this record clear and convincing. Contention is made by defense counsel, however, that as to defendant McCarthy, the manager of the hotel, there is insufficient proof to show guilty knowledge of the acts and conduct on the part of the defendant Rubeck.

Counsel cites *People* v. *Drum* (127 App. Div. 241) and *People* v. *Rankin* (92 Misc. 62) to establish that before a defendant may be found guilty under section 1146 of the Penal Law guilty knowledge must be brought home to him.

While the proof in the case of McCarthy, who was not present on the night in question, is not as clear and convincing as it is in the case of the defendant Rubeck, the court feels that there is sufficient to warrant holding him for trial in the Court of Special Sessions.

The registration cards, the substance of which was testified to, showed that on many occasions prior to the night in question, the same rooms were occupied by more than one couple in one night; that the defendant McCarthy examined these records every morning; that the defendant McCarthy offered to pay $1,000 or $2,000 to the police inspector if the matter could be quashed or fixed, and that his instructions were to admit any couple to a room in the hotel if they looked " over age " and if they merely stated that they were married, without any offer or inquiry to substantiate that fact.

There are other factors in the case which tend to establish guilty knowledge on the part of the defendant McCarthy. While it is true that all of the evidence against the defendant McCarthy is circumstantial in nature, a conviction in this type of case — as in other criminal cases — may be had upon such proof if it unerringly points to guilt. (*Kahan* v. *Wallander*, 193 Misc. 190; *People* v. *Wallach*, 60 Hun 584.)

The court is aware of the provisions of section 513 of the Penal Law which make it a misdemeanor for an innkeeper to refuse to receive guests " without just cause or excuse ". It certainly would not be without just cause or excuse to make a fair inquiry to ascertain whether the couple that desires accommodations are in fact married to each other; nor would it be a violation of section 40 of the Civil Rights Law to make such an inquiry.

The motion of both defendants to dismiss is denied and both defendants are held to answer in the Court of Special Sessions.