Arthur Gr. Klein, J.
This action seeks to enjoin the defendant Police Commissioner from maintaining a patrolman in the plaintiff’s hotel and from displaying upon the premises a sign to the effect that the premises are “ Raided Premises ”. Both parties waived findings of fact and conclusions of law.
Since the plaintiff has owned the hotel, 34 arrests have been made on or about the premises, all but one being for violation of section 887 of the Code of Criminal Procedure in connection with prostitution, resulting in 19 convictions. In addition to the numerous complaints to the Police Department that prostitution was rampant in the hotel, the Armed Services Disciplinary Control Board has notified the department that the hotel is a place where venereal disease has been contracted by members of the armed forces.
The function of the Police Commissioner in placing an officer in the premises is in fulfillment of his duty to prevent crime (New York City Charter, § 435). In the absence of arbitrary or unreasonable conduct on the part of the Police Commissioner, the court will not interfere with his discretion in the enforcement of the law (Kahan v. Wallander, 193 Misc. 190).
In the absence of evidence to the contrary, the court must presume that the Police Commissioner is acting for the common good. If, in his opinion, the facts and circumstances appear to *448 warrant a continuation of police surveillance, this court will not substitute its opinion for that of the Commissioner, even though, as here, the police officer has been stationed on the premises for a period of nine months. Even if the court might act differently under similar circumstances, it can only nullify the Commissioner’s action, or issue an injunction, if such action be found to be unreasonable, arbitrary or capricious (Latham Hotel Realty Corp. v. Valentine, 183 Misc. 883).
No evidence to that effect has been adduced, nor has there been any showing that plaintiff has instituted or adopted any new procedures in the operation of its hotel that would tend to prevent or minimize the commission of the crimes which resulted in the aforesaid convictions, or to eliminate the source of the complaints referred to.
Upon the evidence in this ease, it cannot therefore be said that it is not the defendant’s purpose to prevent the commission of crime, nor that his action has been arbitrary, capricious or illegal, and in view of the failure of the plaintiff to establish that it has adopted any preventive measures, or, at the very least, that it has instituted some changes in its mode of operation, judgment is awarded in favor of the defendant dismissing* the complaint.