Robert I. Williamson, Esq. County Attorney Tompkins County
You inquire whether the officers of the Ithaca College Office of Safety and Security have police officer status by reason of their appointment as regular deputy sheriffs by the sheriff of Tompkins County under section 652 (2) of the County Law.
It is clear that regular deputy sheriffs appointed pursuant to County Law, § 652 (2) are police officers (Criminal Procedure Law, §1.20 [34] [b]). Therefore, if the officers providing protection on the Ithaca College Campus are regular deputy sheriffs under section 652 (2), they possess police officer status. These regular deputies are recommended by the college and, once appointed by the sheriff, are employed by and are under the supervision and control of the college. This arrangement was authorized by resolution of the County under section652 of the County Law.
In our opinion to you of December 3, 1980, we discussed your county's resolution, which also covers regular deputies appointed to serve as employees under the supervision and control of Cornell University. In that opinion we said that regular deputy sheriffs could not be appointed under section 652 (2) to serve as employees of Cornell University. (Section 5709 of the Education Law provides for special deputy sheriffs for Cornell University.) The conclusions of that opinion apply to appointment of regular deputy sheriffs for Ithaca College. Without a statutory basis such as section 5709 of the Education Law, there is no authority for a sheriff to appoint deputy sheriffs to be employed by and serve under the supervision and control of a college.
We believe that the sheriff has broad discretion to assign deputies to certain geographic areas of the county in performing his duty as conservator of the peace (County Law, § 650; Barbarn Realty vKennedy, 28 Misc.2d 447 [Sup Ct, N Y Co, 1960]). In Tompkins County, where disproportionately large numbers of people are concentrated on the Ithaca College Campus, the sheriff could exercise his discretion to assign deputies to the campus for purposes of law enforcement.
We conclude that a regular deputy sheriff appointed pursuant to County Law, § 652 is a police officer. We note, however, that there is no authority for the Sheriff of Tompkins County to appoint regular deputy sheriffs to be employed by and under the supervision and control of Ithaca College.